MYERS, J.,
for the Court:
¶ 1. The Mississippi Department of Employment Security (MDES) denied Rose Quinn unemployment benefits, finding that she had voluntarily left her employment with Mims Convenience Stores, Inc. Quinn appealed to the Leflore County Circuit Court, which affirmed the denial. Appearing pro se, Quinn appeals from that judgment.
FACTS
¶ 2. Quinn began employment as an assistant manager for Mims in Greenville, Mississippi in February 2007. Beginning in June 2008, Quinn took an approved maternity leave of absence. The leave was taken early due to complications with the pregnancy. The child was born on December 20, and Quinn was cleared to return to work in February 2009. What happened next was disputed: according to Quinn, she was never offered an opportunity to return, while Mims claimed Quinn never accepted its offers for her to return. Quinn then sought unemployment benefits. The MDES investigated Quinn’s application and determined that she had quit voluntarily. Quinn then appealed that decision.
¶ 3. Quinn and a representative for Mims testified at a telephonic hearing conducted before an administrative law judge (ALJ). According to Quinn, Mims hired a permanent replacement after she took the maternity leave. Quinn testified that after she was released to return to work, she provided Mims with the necessary documentation. She then repeatedly contacted her supervisor and asked to return to work but was always told no hours were available. Eventually, Quinn considered herself to have been discharged and sought unemployment benefits. The representative for Mims disputed this testimony, maintaining that Quinn had left work voluntarily.
¶ 4. The ALJ concluded that Quinn had voluntarily left her employment and therefore was not eligible for unemployment benefits. Quinn appealed the ALJ’s decision to the MDES Board of Review (the Board), which affirmed the denial, adopting the ALJ’s findings. Quinn then appealed the Board’s decision to the circuit court, which affirmed it. She now appeals from that judgment.
STANDARD OF REVIEW
¶ 5. Mississippi Code Annotated section 71-5-531 (Supp.2010) provides that the Board’s findings of fact are conclusive as long as they are supported by substantial evidence and are absent any indication of fraud. Thus, review by an appellate court over an MDES claim is limited to questions of law. There is also a rebutta-ble presumption that the Board’s decision is correct, and the burden of proving otherwise falls on the challenging party. Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994). Thus, “[t]he denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights.” Miss. Employment Sec. Comm’n v. Noel, 712 So.2d 728, 730 (¶ 5) (Miss.Ct.App.1998).
DISCUSSION
¶ 6. Under Mississippi Unemployment Compensation Law, a worker is disqualified from receiving benefits if she left work voluntarily without good cause. Miss.Code Ann. § 71-5-513(A)(1)(a) (Supp. 2010). Quinn takes issue with the Board’s finding that she left work voluntarily. Our issue is whether this determination is supported by substantial evidence.
*1283 ¶ 7. At the telephonic hearing, Patsy Days testified as a representative for Mims. She stated that after Quinn was cleared to return from her maternity leave, work had been available. Quinn had been repeatedly offered an opportunity to return after being cleared to do so. However, Quinn had given various excuses: first, she stated that she had no transportation, then she claimed that she could not find a babysitter. Quinn had told Mims she would come in to work on April 15, 2009, but did not and did not call in. According to Days, that was the last Mims had heard from Quinn before she filed for unemployment benefits. Mims considered Quinn to have voluntarily left her employment.
¶8. The Board found that Quinn had been offered two opportunities to return after being cleared to do so. The first time, Quinn had declined to do so because of transportation problems. The second time, Quinn had been offered to return and had not, without explanation.
¶ 9. From the record, it is clear that Board favored Days’s testimony over Quinn’s. Conflicting testimony presents a fact question for the Board, and our standard of review does not permit this Court to second guess how the Board resolves conflicting testimony. It is also important to note that Quinn acknowledged both that she had some difficulty with transportation and that she had been contacted on April 14, 2009, about a potential opportunity to return to work. Although Quinn offered competing accounts of these events,[1] we cannot say that the Board’s factual findings are unsupported by substantial evidence.
¶ 10. The burden of proving good cause for leaving employment voluntarily rests with the employee. Miss.Code Ann. § 71-5-513(A)(1)(e) (Supp.2010). Quinn’s explanation for why she did not appear for work on April 15, 2009, was not accepted by the Board. Additionally, the Mississippi Supreme Court has specifically held that transportation is a personal circumstance to be resolved by the worker. An inability to secure transportation to and from work does not constitute good cause for quitting. Miss. Employment Sec. Comm’n v. Pulphus, 538 So.2d 770, 772 (Miss.1989). The record supports the Board’s findings that Quinn quit voluntarily and without good cause. Consequently, we must affirm its denial of unemployment benefits.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.

. Quinn maintained that her transportation problems had not prevented her from accepting work. Also, although Quinn admitted she had been contacted on April 14, 2009, about returning to work the next day, Quinn claimed that when she called to accept the offer, her supervisor had left for the day. Quinn denied there was ever a firm understanding she was to return to work on April 15.