CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Roy Clincy, an inmate at the East Mississippi Correctional Facility (EMCF), appeals the judgment of the Lauderdale County Circuit Court dismissing, sua sponte, his complaint against Daudra
 
 [1]
 
 Atwood, Dale Caskey, and Christopher Epps.
 
 [2]
 

 FACTS
 

 ¶ 2. Clincy alleges that on February 20, 2000, a physician with the Mississippi Department of Corrections (MDOC) diagnosed him with arthritis and prescribed him arthritis medication. Clincy claims that when he was transferred to the EMCF in March 2009, his arthritis medication was confiscated by the EMCF personnel, and he subsequently suffered extreme lower back pain because he was unable to take his medication. Clincy claims that on May 15, 2009,
 
 [3]
 
 he was examined by an EMCF nurse who gave him an ibuprofen and refused to allow him to see a doctor. Clincy also complains that he was wrongfully charged six dollars for the medical visit. Clincy further alleges that on June 6, 2009, he saw Dr. Obosgas,
 
 [4]
 
 a chronic-care doctor, but Dr. Obosgas had him removed from the examination room when he began discussing his arthritis condition during his appointment.
 
 [5]
 

 ¶ 3. Clincy filed a request for administrative remedy with the MDOC through its Administrative Remedy Program (ARP), requesting the following: examination and treatment by a doctor, a refund for the medical charge that he incurred for the medical visit, and return of his arthritis medication. Atwood, acting on behalf of the MDOC, denied Clincy’s ARP request, concluding that Clincy saw medical personnel on two separate occasions regarding his alleged arthritis, and Clincy was properly charged for the medical visit. Atwood also informed Clincy that prisoners at the facility are not allowed to keep medications in their prison cells. Shortly thereafter, Clincy filed his second ARP request, which was subsequently denied for similar rea
 
 *330
 
 sons.
 
 [6]
 
 Clincy then filed his third ARP request.
 
 [7]
 

 ¶ 4. Clincy sought judicial review of the ARP’s decision seeking the following relief: reimbursement of all monies deducted from his account for medical treatment and care over the past five years; $5,000 in compensatory damages and $3,000 in punitive damages against Caskey; $5,000 in compensatory damages and $5,000 in punitive damages against Atwood; and $5,000 in compensatory damages and $5,000 in punitive damages against Epps. The circuit court entered an order staying the action for ninety days “to allow [Clin-cy] the opportunity to exhaust all of this [sic] administrative remedies or to provide evidence to this Court that he has completed [the] MDOC’s [ARP] as mandated by Mississippi] Code Annotated] § 47-5-803(2).” Shortly thereafter, Dr. G. Perry, acting on behalf of the MDOC, issued a denial of Clincy’s third ARP request.
 

 ¶ 5. Clincy filed numerous pleadings, including a “Request for Administrative Remedy,” a “Declaration in Support of Plaintiff[’s] Motion for a Temporary Restraining Order and Preliminary Injunction,” an “Amendment Civil Right Complaint,” and a motion for summary judgment. Atwood and Caskey filed an answer to Clincy’s complaint, denying his broad allegations and raising numerous defenses.
 

 ¶ 6. The trial court, acting sua sponte, entered an order that provided in pertinent part:
 

 THIS COURT, on its own motion, having considered Petitioner, Roy L. Clin-cy’s
 
 Pro Se,
 
 “Complaint,” is of the opinion that the petition should be and hereby is DISMISSED, based on the following:
 

 On October 19, 2009, Petitioner filed the instant “Complaint” and “other pleadings,” wherein he requests “relief’ due to “being denied medical treatment” for among other things, “bad back pain,” “the flu,” and “not looking through his waste for four teeth that he swallowed.” Under Mississippi law, “trial courts possess an inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants.”
 
 Duncan v. Johnson,
 
 14 So.3d 760, 762 [(¶4)] (Miss.Ct.App.2009) [(citation omitted) ]. The Mississippi Appellate Courts have applied the following three part test, in determining “whether an in forma pauperis case should proceed or be dismissed as frivolous: 1) does the complaint have a realistic chance of success; 2) does it present an arguably sound basis in fact and law; and 3) can [the complainant] prove any set of facts that would warrant relief.”
 
 Huggins v. State,
 
 928 So.2d 981, 983 [ (¶ 4) ] (Miss.Ct.App.2006) (citing
 
 Evans v. State,
 
 725 So.2d 613, 679 [ (¶ 275) ] (Miss.1997)).
 

 This Court finds that the instant “Complaint” fails to present any sound basis in fact or law. Additionally, the Court finds that the “Complaint” would have no chance of success, pursuant to Miss. Code Ann. § 11-46-9,
 
 et seq.,
 
 and no set of facts proven would warrant relief.
 

 IT IS, THEREFORE, HEREBY ORDERED AND ADJUDGED that Petitioner, Roy L. Clincy’s, “Complaint”
 
 *331
 
 should be and hereby is DISMISSED WITH PREJUDICE.
 

 ¶ 7. Clincy now appeals the trial court’s dismissal of his complaint and raises the following issues, which have been restated for purposes of clarity and efficiency: whether (1) the EMCF’s denial of sufficient medical care violated his due-process rights and subjected him to cruel and unusual punishment in violation of the Eighth Amendment, and (2) the requirement that he pay for non-emergency medical treatment deprived him of his due-process rights in violation of the Fourteenth Amendment and violated the Takings Clause of the Fifth Amendment.
 
 [8]
 
 Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 8. This Court applies the same standard of review that the lower courts are bound to follow when considering a decision by a chancery or circuit court regarding an agency action, in this case the MDOC.
 
 Clay v. Epps,
 
 19 So.3d 748, 745 (¶ 7) (Miss.Ct.App.2008). We will review the appeal to determine whether the administrative agency’s order “(1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party.”
 
 Id.
 
 (citing
 
 Siggers v. Epps,
 
 962 So.2d 78, 80 (¶ 4) (Miss.Ct.App.2007)).
 
 See also
 
 URCCC 5.03. A rebuttable presumption exists that favors the decision of the agency, and the challenging party bears the burden of proving the contrary.
 
 Id.
 
 at 746 (¶ 7) (citing
 
 Ross v. Epps,
 
 922 So.2d 847, 849 (¶ 4) (Miss.Ct.App.2006)).
 

 DISCUSSION
 

 I. MEDICAL CARE
 

 A. Due-Process Clause
 

 ¶ 9. We summarize the language in Clincy’s brief by stating that he first alleges that he was denied medical care which he asserts amounted to a violation of his due-process rights. Clincy, however, cites no relevant authority supporting this proposition; therefore, this argument is barred from our review.
 
 See Edwards v. State,
 
 856 So.2d 587, 599 (1145) (Miss.Ct. App.2003) (“Failure to cite relevant authority obviates the appellate court’s obligation to review such issues”);
 
 see also Tanner v. State,
 
 20 So.3d 764, 768 (¶ 19) (Miss.Ct.App.2009) (finding Tanner’s constitutional claim barred from this Court’s review due to his failure to cite relevant authority to support his argument).
 

 ¶ 10. Moreover, we note that the record reveals that Clincy failed to state any facts or provide relevant evidence to show that he had received insufficient medical care in violation of his constitutional rights. While Clincy bases his insufficient medical-care claim on the fact that he wanted to see a doctor, rather than a nurse, he fails to articulate how the level of care provided to him by the EMCF personnel was insufficient to address his medical complaint or failed to meet the standard of care. As such, we find this claim is without merit.
 

 
 *332
 
 B. Cruel and Unusual Punishment
 

 ¶ 11. In addition to claiming that the EMCF personnel violated his due-process rights by not providing him with sufficient medical care, Clincy argues that the denial of proper medical care
 
 [9]
 
 subjected him to cruel and unusual treatment in violation of the Eighth Amendment to the United States Constitution.
 

 ¶ 12. After a thorough review of the record, we find that Clincy failed to provide relevant authority or factual support for his argument. Further, we conclude that Clincy’s argument is factually unsupported by the evidence in the record. The record reflects that Clincy’s complaint stems from the EMCF personnel’s refusal to allow him to keep his medication in his prison cell. The record shows that, in making this decision, the EMCF personnel followed standard MDOC policies applicable to the medical care of inmates and the possession of medication by inmates. The record also reveals that after Clincy complained of back pain due to a lack of medication, he was provided with the opportunity on two separate occasions to receive medical diagnosis and treatment from the EMCF medical personnel. Therefore, we find that the record supports the trial court’s decision to dismiss Clincy’s complaint since the MDOC’s ARP findings were supported by substantial evidence, were not arbitrary or capricious, fell within the MDOC’s power, and did not violate Clincy’s rights.
 
 See Clay,
 
 19 So.3d at 745 (¶ 7).
 

 ¶ 18. Accordingly, we find that this issue is without merit.
 

 II. MEDICAL CHARGE
 

 ¶ 14. In his second assignment of error on appeal, Clincy asserts that Mississippi Code Annotated section 47-5-179 (Rev.2004)
 
 [10]
 
 constitutes a deprivation of his property without due process of law in violation of the Fourteenth Amendment, and he asserts that the statute violates the Takings Clause of the Fifth Amendment to the United States Constitution. In short, Clincy alleges that a charge for non-emergency medical care violates his constitutional rights.
 

 ¶ 15. A review of Clincy’s discussion in support of this issue shows that Clincy again failed to present relevant authority to support these propositions. This Court has previously held that the appellant bears the burden and duty to provide authority and support for the issues he presents on appeal,
 
 see Edwards,
 
 856 So.2d at 598-99 (¶ 45), and that a “[f]ailure to cite relevant authority obviates the appellate court’s obligation to review such issues.”
 
 Id.
 
 at 599 (¶45). Furthermore, “[t]his Court presumes that the judgment of the trial court is correct and the appellant must ‘demonstrate some reversible error to this Court.’”
 
 Jordan v. State,
 
 995 So.2d 94, 103 (¶ 14) (Miss.2008) (citing
 
 Edlin v. State,
 
 533 So.2d 403, 410 (Miss.1988),
 
 cert. denied,
 
 489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989)). Accordingly, this issue is procedurally barred.
 

 ¶ 16. Procedural bar notwithstanding, a review of the record shows that the MDOC, in its response to Clincy’s third ARP request, explained the MDOC’s pay
 
 *333
 
 ment policy to Clincy by stating the following:
 

 Your concern regarding a refund of the $6.00 eo[-]payment for the sick call request dated 5/15/09 because you feel that arthritis is a chronic condition that qualifies for a waiver of co-payment. Arthritis is not a chronic condition that qualifies for waiver of co-payment. Chronic care conditions that qualify for waiver of co-payment are specific to those conditions for which regular follow-up and chronic care clinic are needed. These conditions include hypertension, cardiovascular disease, diabetes, asthma, thyroid disease, seizures, cancer, etc. According to MDOC Policy 25-02-A, you were charged appropriately and are not due a refund for the 5/15/09 sick call request.
 

 We find that the evidence in the record indicates that the EMCF personnel abided by the above-stated MDOC policy and also complied with statutory authority. We further find that the record shows that the EMCF personnel did not deny Clincy, or any other inmate, non-emergency medical care due to a lack of funds. We, therefore, conclude that the trial court did not abuse its discretion in dismissing Clincy’s complaint
 
 [11]
 
 since we find that the record reflects that the MDOC’s ARP findings were supported by substantial evidence, were not arbitrary or capricious, were not beyond the scope of the MDOC’s power, and did not violate Clincy’s rights.
 
 See Clay,
 
 19 So.3d at 745 (¶ 7); URCCC 5.03. This issue also lacks merit.
 

 III. SUPERVISORY LIABILITY
 

 ¶ 17. While not enumerated as a separate assignment of error, Clincy addresses the issue of supervisory liability
 
 [12]
 
 in his appellate brief. Clincy appears to argue that Atwood and Caskey should be liable for the actions of the EMCF personnel because they allegedly possessed actual knowledge of his medical needs but failed to provide him with treatment. In response, Atwood and Caskey argue that Clincy’s claims against them must fail because the claims are based on their respective supervisory positions,
 
 [13]
 
 and not because of any alleged personal involvement.
 

 ¶ 18. A review of the record reflects that this appeal constitutes an appeal from an agency’s denial of grievances filed by Clincy, pursuant to the MDOC’s ARP. We recognize that in denying Clincy’s ARP requests, the MDOC reviewed Clincy’s claims regarding the official actions taken in denying the relief sought by Clincy in his ARP grievance. Based upon the foregoing, we affirm the trial court’s dismissal of Clincy’s complaint.
 
 See
 
 section 47-5-803(1) (the ARP procedure “shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may claim to have against the State of Missis
 
 *334
 
 sippi, the Department of Corrections or its officials or employees.”).
 

 ¶ 19. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Clincy refers to Atwood's first name as Dau-dra and Saudra interchangeably in his complaint and brief on appeal. Atwood’s actual first name is Sandra.
 

 [2]
 

 . In their brief on appeal, Atwood and Caskey assert that Epps never received service of process. The record includes a summons, which states that: "After diligent search and inquiry in my county, the within named defendant, Chris Epps, can not [sic] be found. This is the 22[nd] day of Oct., 2009.” Clincy, in his reply brief, acknowledges that Epps was never served with the lawsuit.
 

 [3]
 

 . While in Clincy's brief on appeal he claims that the medical visit at issue occurred on May 15, 2009, he states in his complaint that the visit occurred on May 21, 2009. For purposes of our discussion, we will refer to the medical visit as occurring on May 15, 2009.
 

 [4]
 

 . Several different spellings of Dr. Obosgas’s name appear in the record. Clincy refers to the MDOC physician as Dr. Obosgas and Dr. Obogias interchangeably throughout his appellate brief, while Atwood spells the physician’s name, Dr. Aborgas, in her first step response form. For purposes of today's discussion, we will refer to the physician as Dr. Obosgas. The record does not list Dr. Obos-gas’s first name.
 

 [5]
 

 . In her response to Clincy's first ARP request, Atwood states that Clincy was removed from the doctor’s examination room due to Clincy’s "aggressive attitude.”
 

 [6]
 

 . While Clincy claims that he filed his second ARP request with Caskey, the record reflects that it was Atwood, not Caskey, who issued the denial of the request.
 

 [7]
 

 . Clincy claims that he filed this ARP request with Epps.
 

 [8]
 

 . Clincy makes several claims against Atwood and Caskey in the numerous pleadings that he filed with the trial court, including but not limited to, a retaliation claim and a claim that he was deprived of his personal property. Accordingly, the trial court, in its order of dismissal, stated that the petitioner "filed the instant 'complaint' and 'other pleadings,’ wherein he requests 'relief due to 'being denied medical treatment’ for among other things, 'bad back pain,’ 'the flu,’ and 'not looking through his waste for four teeth that he swallowed.' ” This Court notes, however, that the only issues that Clincy raises on appeal concern the alleged denial of medical care for his arthritis condition and the medical charge for the May 15, 2009 visit. Therefore, we will consider only these issues.
 

 [9]
 

 . Specifically, Clincy argues that he was subjected to cruel and unusual punishment "when the male nurse denied [him] of the right to be seen by a doctor and treat[ed] for extremely [sic] pain ... [and] when his medication [was] tak[en] away from him and not returned.”
 

 [10]
 

 . Mississippi Code Annotated section 47-5-179 requires inmates to pay the expenses of all non-emergency medical treatment, care, and medicine.
 

 [11]
 

 .We pause to note that the Fifth Circuit has upheld several dismissals by lower courts of inmates’ claims that section 47-5-179 violated their constitutional rights.
 
 See Green v. Miss. State Senate,
 
 99 F.3d 1135 (5th Cir. 1996) (unpublished opinion) (affirming the district court’s dismissal of an inmate’s Eighth Amendment challenge to section 47-5-179);
 
 Higgins
 
 v.
 
 Mississippi,
 
 134 F.3d 368 (5th Cir. 1997) (unpublished opinion) (finding that the prisoner failed to demonstrate that the application of section 47-5-179 violated his rights under the Ex Post Facto Clause).
 

 [12]
 

 . We note that in his brief, Clincy asserts that he seeks monetary damages, which are not available under the ARP statute.
 
 See
 
 Miss.Code Ann. § 47-5-803 (Rev.2004).
 

 [13]
 

 . Atwood and Caskey allege that Atwood was the Health Services Administrator at the EMCF, and Caskey was the Facility Administrator or Senior Warden at the EMCF.