ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from the Mississippi Department of Employment Security’s (MDES) denial of Jimmy Magee’s unemployment benefits. Magee was discharged by Central Transport, Incorporated (CTI) for exceeding the allowed number of “chargeable” accidents in an one-year period. Magee applied for unemployment benefits, but his claim was denied. He appealed this denial to an administrative law judge (ALJ). The ALJ affirmed the MDES decision; Ma-gee then appealed to the MDES Board of Review (Board). The Board also affirmed the ALJ’s decision and adopted the ALJ’s findings of fact and conclusions of law. Magee next appealed the Board’s decision to the Rankin County Circuit Court. The circuit court affirmed the Board’s decision and denied Magee’s subsequent motion to reconsider. Feeling aggrieved, Magee now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. Magee began working for CTI on February 5, 2007, and continued working for it until October 21, 2008, when he was terminated for exceeding the number of allowed “chargeable” accidents in a one-year period. Magee’s first accident occurred on April 4, 2008, when he was making a right turn and hit the vehicle beside him. The second accident occurred on April 12, 2008, when Magee hit a parked vehicle while he was driving in reverse to pull away from a loading dock. Magee’s third accident occurred on September 9, 2008, when, while he was turning, his vehicle scratched another vehicle in another lane. Finally, Magee’s last accident occurred on October 21, 2008, and involved damage to a dolly and his vehicle’s fender after he hit the dolly while driving. After each accident, Magee received a written warning from CTI. He was placed on probation after the September 9, 2008 accident. Based on these accidents, CTI terminated Magee’s employment with the company after the October 21, 2008 accident citing the company’s accident policy.
¶ 3. Upon his termination from CTI, Ma-gee filed for unemployment benefits with MDES. After an investigation, MDES denied Magee’s request on January 28, 2009. Magee appealed this denial, and a telephonic hearing was held with Magee; Ted Matthews, CTI Safety Director; and an ALJ on April 6, 2009. Both Magee and Matthews provided testimony as to the events leading to Magee’s termination. Matthews testified that Magee was aware of the company’s policy regarding the number of accidents because: employees receive a written copy of CTI’s policy when they begin work; the policy is posted at the company facility; the policy is discussed at company meetings; and the policy was discussed with Magee at the meetings after each accident. Matthews testified the policy provides that the first *1162 three minor “chargeable” accidents receive written warnings, but depending on the severity of the accident, immediate termination was possible. Matthews defined a “chargeable” accident as follows: “If the driver could have done anything within reason to have prevented these accidents and did not do so, we charge, make that determination that it’s a preventable accident at that time based upon that information.” Magee testified that he was not aware of the company’s policy and that CTI had never properly investigated any of the accidents to determine if he was actually at fault. After hearing the evidence presented, the ALJ affirmed MDES’s denial of unemployment benefits.
¶ 4. Magee appealed to the Board. On May 20, 2009, the Board adopted the ALJ’s findings of fact and conclusions of law, thereby affirming the denial of Ma-gee’s unemployment benefits. Magee then appealed the Board’s decision to the circuit court which also affirmed the denial of Magee’s unemployment benefits. Undeterred, Magee filed a motion for reconsideration, which the circuit court denied. Feeling aggrieved, Magee appeals and raises the following issues, which we recite verbatim:
I. Whether the decision of the Board of Review is supported by substantial evidence!.]
II. Whether the decision of the Board of Review is arbitrary and capricious!.]
III. Whether the decision of the Board of Review violates the appellant’s due process rights in that the ap-pellee Central Transport failed to adequately establish the existence of a company policy regarding accidents and failed to provide notice to the appellant of the finality of its decision!.]
STANDARD OF REVIEW
¶ 5. When reviewing the circuit court’s judgment to affirm or deny the Board’s decision, this Court employs the abuse-of-discretion standard. Miss. Dep’t of Employment Sec. v. Clark, 13 So.3d 866, 870 (¶ 8) (Miss.Ct.App.2009) (quoting Howell v. Miss. Employment Sec. Comm’n, 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004)). “An administrative agency’s conclusions will remain undisturbed unless the agency’s order is: (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) in violation of the employee’s statutory or constitutional rights.” Miss. Dep’t of Employment Sec. v. Harbin, 11 So.3d 137, 139 (¶ 5) (Miss.Ct.App. 2009) (citing Miss. Dep’t of Employment Sec. v. Good Samaritan Pers. Servs., 996 So.2d 809, 812 (¶6) (Miss.Ct.App.2008)). Thus, if the Board’s decision is supported by substantial evidence and not arbitrary and capricious, the circuit court and this Court must affirm the Board’s decision. Clark, 13 So.3d at 870 (¶ 8).
ANALYSIS
I. The Board’s Decision
¶ 6. For efficiency purposes, we will combine the analysis of Magee’s first two issues. Magee first argues that the Board’s decision was not supported by substantial evidence and was arbitrary and capricious. He provides four reasons to support his contention: the alleged accidents were not thoroughly investigated; there was insufficient evidence of CTI’s accident policy and insufficient evidence to show Magee was aware of the policy; there was insufficient notice that Magee’s conduct was prohibited and could lead to termination; and Magee did not engage in wilful misconduct.
*1163 ¶ 7. The Mississippi Supreme Court defined “arbitrary as ‘not done according to reason or judgment, but depending on the will alone.’” Wright v. Pub. Employees Ret. Sys., 24 So.Sd 382, 388 (¶ 29) (Miss. Ct.App.2009) (citing Pub. Employees Ret. Sys. v. Marquez, 774 So.2d 421, 429 (¶ 34) (Miss.2000)). Additionally, “[cjapricious means ‘done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.’ ” Id. “If an administrative agency’s decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious.” Id. (quoting Marquez, 774 So.2d at 430 (¶35)).
¶ 8. Magee was terminated for “wilful and wanton repeated violations of [CTI] ’s accident prevention policy.” “Misconduct” in unemployment-benefits cases has been defined by the supreme court to mean “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982). Relying on the supreme court’s decision in Wheeler, this Court held that “[b]ehavior that is careless and negligent to such degree, or recurrence thereof, as to manifest culpability, wrongful intent, or evil design can be classified as misconduct.” Nevels v. Miss. Dep’t of Employment Sec., 39 So.3d 995, 998 (¶ 11) (Miss.Ct.App.2010) (citing Wheeler, 408 So.2d at 1383). We have also held that “an employee would be disqualified from receiving unemployment benefits where the employee violated an employer’s policy or otherwise failed to meet a required condition of employment.” Clark, 13 So.3d at 871 (¶ 11) (quoting Halbert v. City of Columbus, 722 So.2d 522, 526-27 (¶19) (Miss.1998)).
¶ 9. In his brief, Magee argues that the Board’s decision was arbitrary and capricious and not based on substantial evidence. First, he submits that CTI failed to investigate thoroughly the accidents that led to his termination. Based on our reading of the transcript of Magee’s hearing before the ALJ, the issue of investigating the accidents was addressed in detail. Magee disputes the testimony provided by CTI that it had thoroughly investigated each accident to determine if the accident was avoidable. In situations such as these, where “[cjonflicting testimony presents a fact question for the Board, ... our standard of review does not permit this Court to second guess how the Board resolves conflicting testimony.” Quinn v. Miss. Dep’t of Employment Sec., 56 So.3d 1281, 1283 (¶ 9) (Miss.Ct.App.2011). In the instant ease, there is conflicting testimony concerning whether CTI investigated the accidents; however, that was a factual question for the Board to decide. We cannot second guess the Board’s finding on this factual issue.
 ¶ 10. Next, Magee argues that CTI failed to present evidence of the existence of its accident policy; furthermore, he contends that even if CTI proved the existence of the policy, CTI failed to prove that Magee was aware of the policy. Specifically, Magee asserts that CTI did not prove he received a copy of the policy, heard about the policy, attended the meetings where the policy was discussed, or that the policy was posted in the facility where Magee worked as CTI had claimed. When proving an employee violated an employer’s policy sufficient to disqualify him or her from receiving unemployment benefits, “the employer must prove both the existence of the policy and the violation thereof by the employee.” Clark, 13 So.3d at 871 (¶ 11) (citing Halbert, 722 So.2d at *1164 527 (¶ 20)). The Board, adopting the ALJ’s findings of fact and opinion, found that CTI did prove the existence of a safety and accident policy and that Magee was aware of the policy. At the hearing before the ALJ, CTI entered a copy of the accident policy into evidence and also presented evidence that Magee received a written copy of the policy when he started work at CTI. CTI also testified that the policy was discussed at CTI meetings and that a poster containing the policy was posted at the facility where Magee worked. Based on this evidence, the Board agreed with the ALJ’s finding that CTI had proven the accident policy existed and that Magee’s accidents had violated the policy. As to this argument, we cannot find that the Board’s decision was not based on substantial evidence or was arbitrary and capricious.
¶ 11. Magee next argues he was not given sufficient notice that he could be terminated based on his conduct. Again, CTI presented evidence at the hearing that Magee was aware his accidents were against CTI’s policy. Specifically, CTI entered an Incident Action Report, signed by Magee, informing him that “[t]he company is placing you on probation. If you have an accident before April 9[, 2010,] you will be relieved of your duty at CTI.” Magee testified that the language quoted above was not on the paper when he signed it. We again must show deference to the factual findings of the Board and hold that based on the evidence presented, the Board’s decision was supported by substantial evidence and was not arbitrary or capricious.
¶ 12. Lastly, Magee argues that he did not engage in wilful misconduct sufficient to disqualify him from receiving unemployment benefits. He argues that pursuant to Wheeler, 408 So.2d at 1383, “mere inefficiency, unsatisfactory conduct, failure of good performance as a result of inability or incapacity, inadvertencies, isolated instances of ordinary negligence, or good faith errors are not considered ‘misconduct’ .... ” According to Magee, there is nothing in the record to demonstrate that the accidents were more than isolated instances of ordinary negligence or were due to any intentional neglect on his part. At Magee’s hearing, both CTI and Magee presented evidence about the nature of the accidents. The ALJ questioned each party and ultimately found that Magee’s involvement in four accidents within six months showed carelessness and negligence sufficient to warrant a finding of misconduct. Again, based on the evidence presented to us, we cannot find that the Board’s findings were arbitrary and capricious or unsupported by substantial evidence.
¶ 13. This issue is without merit.
II. Due-process Violation
¶ 14. Magee’s next issue claims that the Board’s decision violated his due-process right because CTI had “failed to adequately investigate the accidents in which the appellant was allegedly involved; failed to show that there was an established company policy regarding accidents!;] and failed to adequately notify the appellant of the consequences of his actions.” He also alleges that he received no notice of the “finality of [CTI’s] decision!.]”
¶ 15. Magee’s argument regarding this issue is identical to the issues discussed in the previous section. Further, Magee failed to cite to any relevant authority to support his contention. Mississippi Rule of Appellate Procedure 28(a)(6) requires claims to be supported by “citations to authorities, statutes, and parts of the record relied on.” Magee failed to provide any relevant support for his contention; therefore, we will not address the merits of *1165 this issue. See Clincy v. Atwood, 65 So.3d 327, 331 (¶ 9) (Miss.Ct.App.2011); Tanner v. State, 20 So.3d 764, 768 (¶ 19) (Miss.Ct.App.2009).
¶ 16. In conclusion, we find that the circuit court did not abuse its discretion in affirming the Board’s decision since the Board’s decision was not arbitrary and capricious and was supported by substantial evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.