# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CC-00238-COA

BETTY W. THOMAS                                                                     APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                                          APPELLEE
EMPLOYMENT SECURITY

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2014 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BETTY W. THOMAS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ALBERT B. WHITE |
| | LEANNE FRANKLIN BRADY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED THE DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY THAT APPELLANT WAS DISCHARGED FOR MISCONDUCT AND WAS NOT ENTITLED TO UNEMPLOYMENT BENEFITS |
| DISPOSITION: | AFFIRMED - 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.    In May 2013, Betty W. Thomas was discharged from her employment with the Cleveland School District for refusing to or failing to follow directives given by her immediate supervisor. She sought unemployment benefits through the Mississippi Department of Employment Security (MDES), and the administrative law judge (ALJ) denied her request for benefits because her actions leading to discharge constituted

misconduct. Thomas appealed to the Board of Review, which adopted the ALJ's findings and affirmed the denial of unemployment benefits. Thomas then appealed to the Bolivar County Circuit Court; it also affirmed the denial of unemployment benefits. She now appeals to this Court for a review of whether the denial of unemployment benefits was proper. We find no error; therefore, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. Thomas began working for the Cleveland School District as an administrative assistant on July 22, 2008, until she received a letter in May 2013, stating that her contract would not be renewed for the upcoming year.

¶3. Following her termination, Thomas filed for unemployment benefits. A claims examiner investigated her request and determined that she was not eligible for unemployment benefits due to "disqualifying misconduct." Thomas appealed the claims examiner's finding, and a telephonic hearing with an ALJ was held on August 14, 2013. Betty Jones, an executive assistant with the Cleveland School District, and Diane Hill, a principal with the Cleveland School District, both testified at the hearing that Thomas's nonrenewal was based on her failure to perform her duties properly, as well as other acts of insubordination and unprofessional behavior. Hill testified that Thomas received three written warnings: August 2010, July 2011, and August 2012. Her warnings were based on her refusal to complete paperwork as requested by Hill and for interrupting a meeting and becoming loud and rude. The final incident occurred in May 2013 when Hill asked Thomas to complete paperwork, but Thomas refused saying it was not part of her job description. Thomas testified that she performed her assigned duties as requested, and that her contract was not renewed because

2

she refused to retire in May 2013. Subsequent to the hearing, the ALJ found: "The facts show that the employer discharged . . . [Thomas] because she repeatedly refused or failed to follow the directive given by her immediate supervisor. . . . Therefore, . . . [Thomas's] refusal to perform her assigned job duties was a willful disregard of the employer's best interest, which constitutes misconduct . . . ."

¶4. Thomas appealed to the Board of Review, and it found that "after careful review and consideration of all the evidence, the Board of Review adopts the Findings of Fact and Opinion of the . . . [ALJ,] and hereby affirms the decision." Thomas then appealed to the circuit court. The circuit court entered an order on January 27, 2014, affirming the Board of Review's decision. Thomas then filed the present appeal in which she claims she has unjustly been denied unemployment benefits.

## ANALYSIS

¶5. "Mississippi Code Annotated section 71-5-531 (Rev. 2011) states: 'In any judicial proceedings under this section, the findings of the [B]oard of [R]eview as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.'" *Patterson v. Miss. Dep't of Emp't Sec.*, 95 So. 3d 719, 721 (¶9) (Miss. Ct. App. 2012). Further, "[w]here there is the required substantial evidence, this Court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review. . . . Therefore, [the appellate court] must not reweigh the facts of the case or insert its judgment for that of the agency." *Id.* at (¶10) (quoting *Broome v. Miss. Emp't Sec. Comm'n*, 921 So. 2d 334, 337 (¶12) (Miss. 2006)).

¶6. This Court must now determine whether there was substantial evidence to support the

3

denial of unemployment benefits to Thomas, because she committed disqualifying misconduct pursuant to Mississippi Code Annotated section 71-5-513(A)(1)(b) (Rev. 2011). Section 71-5-513(A)(1)(b) provides that an individual may be disqualified from receiving unemployment benefits if "[s]he was discharged for misconduct connected with [her] work." The term "misconduct" was defined in the seminal case of *Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982), as:

> [C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.

"Misconduct imports conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests." *Patterson*, 95 So. 3d at 722 (¶13) (quoting *Shavers v. Miss. Emp't Sec. Comm'n*, 763 So. 2d 183, 185 (¶8) (Miss. 2000)).

¶7.    We first note that Thomas failed to cite any authority in support of her argument. Failure to do so acts as a procedural bar to the issue, and this Court is under no obligation to consider her argument on appeal. *See* M.R.A.P. 28(a)(6) (An appellant's brief must "contain the contentions of [the] appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on."); *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005) ("[F]ailure to

4

cite any authority is a procedural bar, and [an appellate court] is under no obligation to consider the assignment.").

¶8. Procedural bar notwithstanding, Thomas's issue lacks merit. At the telephonic hearing, Jones testified that Thomas was discharged for her inappropriate conduct and failing to perform her job duties. Hill reiterated Thomas's inappropriate conduct and stated that Thomas was discharged for insubordination. Hill explained that she would ask Thomas to handle certain tasks, such as filling out paperwork and forms, and that Thomas would refuse, saying it was not her job. Hill also testified that Thomas was written up on three separate occasions, all relating to her unprofessional behavior and failure to perform her job duties as requested by Hill. Thomas's testimony at the hearing consisted of her denial that she failed to perform her job duties. She claimed that she did her work and was not aware of any problems until she received her nonrenewal letter.

¶9. While there was conflicting testimony, the Board of Review is entitled to accept the testimony of one witness over the other. *Magee v. Miss. Dep't of Emp't Sec.*, 77 So. 3d 1159, 1163 (¶9) (Miss. Ct. App. 2012). In this case, the Board of Review accepted Hill's and Jones's testimony that Thomas repeatedly refused to complete assigned tasks and found Thomas was discharged for misconduct. This Court is not permitted "to second guess how the Board resolves conflicting testimony." *Id.* (quoting *Quinn v. Miss. Dep't of Emp't Sec.*, 56 So. 3d 1281, 1283 (¶9) (Miss. Ct. App. 2011)). Therefore, based upon our review of the record, we find that there was substantial evidence in the record to support the finding that Thomas committed misconduct, and was appropriately disqualified from receiving unemployment benefits.

¶10. **THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**