CARLTON, J.,
dissenting:
¶ 15. I respectfully dissent from the majority’s opinion because I would affirm the conviction and judgment of the circuit court.
¶ 16. Warren was charged with possession of a controlled substance in a correctional facility in violation of Mississippi Code Annotated section 47-5-198(1) (Rev. 2011). Except as authorized by law, section 47-5-198(1) prohibits any person from selling within, possessing within, or bringing to any correctional facility or jail in Mississippi any controlled substance or narcotic. Because section 47-5-198(1) prohibits all such substances, it is immaterial which specific narcotic or controlled substance is in question.[1]
¶ 17. The evidence in the record shows that Warren possessed four Lortab tablets and four Xanax tablets and that both of these substances constituted controlled narcotics in Mississippi and under applicable federal law.[2] Warren presented no evidence to show that she was authorized by law to possess such controlled narcotics in a correctional facility. The indictment sufficiently placed Warren on notice of the charge against her for unlawful possession of narcotics in a correctional facility; Furthermore, the evidence showed .that Warren possessed not just one narcotic, but two different controlled, scheduled narcotics, in a- correctional facility in violation of section 47 — 5—198(1).[3] The record is devoid of any evidence that shows authority for Warren to possess controlled substances in a correctional facility.
¶ 18. Warren’s arguments on appeal fail to acknowledge that section 47-5-198(1) fails to distinguish among different types of narcotics and that a violation of this statutory section occurs upon the unauthorized possession of ’any narcotic in a correctional facility or jail in Mississippi. *635 Warren’s indictment cited section 47-5-198(1), the statutory section violated, and set forth the charge against her of possessing-a controlled substance in a correctional facility. -The indictment in this case satisfies the requirements of Rule 7.06 of the Uniform Rules of Circuit and County Court.
¶19. The majority mistakenly asserts that the indictment was - defective because it failed to specify the exact type of prohibited controlled substance that Warren illegally possessed in the correctional facility in violation of section 47 — 5—198(1). However, the .statute clearly prohibits all controlled substances, unless authority exists for their possession .in- the facility, and therefore prohibited the controlled substances Warren unlawfully brought to and possessed in the correctional facility.- The indictment specifically charged that Warren possessed or brought to the correctional facility the controlled substances “wilfully, unlawfully, feloniously, and knowingly or intentionally, and without authority of law[.]” As discussed, at trial, Warren presented no evidence to show that she possessed any legal authority, such as the lawful authority of prison medical personnel or a prison physician, to so possess, the controlled substances in the correctional facility. See Clincy. v. Atwood, 65 So.3d 327, 332 (¶ 12) (Miss.Ct.App.2011) (finding that the refusal by correctional-facility personnel to allow an inmate to keep his arthritis medication followed standard policies applicable to the medical.care of inmates and the possession of medication by inmates).[4]
¶20. With respect to Warren’s claim regarding lack of sufficient notice, Warren’s pretrial motion to dismiss reflects that the -State provided Warren with discovery setting forth the contraband of controlled narcotics — the Lortab and Xanax tablets — that the correctional officer seized from Warren’s person, The pretrial motion to dismiss also shows that the State further provided Warren with discovery that included the State’s laboratory tests, which identified the controlled substances or types of narcotics seized from Warren’s person at the correctional facility.
¶21. For these reasons, I respectfully dissent from the majority’s opinion reversing and remanding the circuit court’s judgment.
GRIFFIS, P.J., BARNES AND MAXWELL, JJ., JOIN THIS OPINION.

. At the time Warren possessed the four tab- , lets of Lortab at the correctional facility, the narcotic was a controlled substance, schedule III; under federal law. In August 2014, federal law reclassified the narcotic Lortab as a controlled substance, schedule II. This reclassification increased the restrictions applicable to prescribing and possessing Lortab, .Currently, as well as at the time of Warren's offense, state statutory law also identified L°r-tab as a controlled, scheduled substance. See Miss.Code Ann. § 41 — 29—115 (Rev.'2013) (discussing controlled substances, schedule II); Miss.Code Ann. § 41-29-117 (Rev.2013) (discussing controlled substances, schedule III).

. See Miss.Code Ann. § 41-29-115; Miss. Code Ann. § 41-29-117.

. See also Weems v. State, 63 So.3d 579, 588 (¶34) (Miss.Ct.App.2010), (finding sufficient testimony existed to' support the jury’s verdict that the defendant was guilty of bringing contraband into a prison).

. See abo Miss.’Code Ann. § 11-46-1 (f) (Rev. 2012) (defining an "employee” of the State of Mississippi and noting that prison doctors and other prison healthcare practitioners are included in the definition); Miss.Code Ann. § 47-1-57 (Rev.2011) (noting that prisons and jails possess authorized medical personnel).