MYERS, J.,
for the Court.
¶ 1. On December 13, 2002, Union Planters Bank, N.A. (“Union Planters”)[1] filed a complaint for judicial foreclosure against J. Bruce Weatherly, Edwin Tharp Cofer, North Mississippi Finance Company, Inc., and Carroll E. White. Weatherly was the only defendant to file an answer; thus, on May 14, 2003, default judgments were entered against all of the named defendants except Weatherly. On October 21, 2003, the Chancery Court of Pren- *1223 tiss County granted Union Planters’ motion for summary judgment and denied Weatherly’s motion for summary judgment. Weatherly thereafter filed a number of motions, seeking to have the chancery court vacate the judgment in favor of Union Planters. In spite of the court’s continuous refusals to overturn the grant of summary judgment, Weatherly persisted in filing motions; therefore, eventually, the court entered an agreed order preventing any further filings by Weatherly.
¶ 2. Aggrieved by the judgment of the chancery court, Weatherly now appeals raising the following issue:
DID THE CHANCELLOR ERR IN GRANTING SUMMARY JUDGMENT TO UNION PLANTERS?
¶ 3. Finding no reversible error, we affirm the judgment of the chancery court.
FACTS
¶ 4. On March 21, 1994, Weatherly executed a deed of trust and an adjustable rate note in favor of Sunburst Bank. Union Planters became the successor in interest to Sunburst Bank. The amount of the note was $27, 265.46, and the purpose of the transaction was to finance the purchase of real property located in the Forrest Hills Subdivision in Prentiss County. The note provided for an interest rate of 6.75% and monthly payments of $218.39 until April 1, 2012. The deed of trust was duly recorded in Trust Deed Book 225 at Pages 661-68 in the office of the Chancery Clerk of Pren-tiss County. Both the note and the deed of trust provided terms for default and terms for sale of the property to satisfy any outstanding balance under the note in the event of default.
¶ 5. Weatherly defaulted, while owing Union Planters $19,248.82. As a result of Weatherly’s default, Union Planters instituted the foreclosure proceedings that eventually led to this appeal.
LEGAL ANALYSIS
DID THE CHANCELLOR ERR IN GRANTING SUMMARY JUDGMENT TO UNION PLANTERS?
¶ 6. We note at the outset that Weatherly argues numerous issues in his very lengthy brief; however, we find all of his various arguments to be functions of this single, basic issue in the case. Therefore, we have recast Weatherly’s numerous issues into this one issue, and we .will discuss the issue accordingly.
¶ 7. Weatherly makes diverse and sundry arguments, many of which are extraneous and inapposite to this case. For instance, Weatherly repeatedly takes issue with “fractional reserve banking” and the so-called creation of “new money” through “depositary institution credits.” As far as we can follow his arguments (which is, admittedly, not very far), Weatherly argues that since the bank may have loaned him money that it did not actually have on hand that, therefore, the bank had placed no assets at risk. Because of this, Weath-erly argues, the bank has no claim against him, since the bank had no “real” assets at risk in the transaction. Weatherly does not deny that he duly executed the note and the deed of trust, being fully aware of their material provisions, nor does he deny that he defaulted under the terms of the note and deed of trust.
¶ 8. Union Planters argues, inter alia, that (a) Weatherly’s arguments are largely nonsensical, (b) in any event, the fractional reserve banking system is a central foundation of our current financial and economic system, and (c) Weatherly failed to ensure a complete record on appeal to support his issues.
STANDARD OF REVIEW
¶ 9. Our standard of review for the granting of motions for summary judg *1224 ment is de novo. Lake Castle Lot Owners Ass’n, Inc. v. Litsinger, 868 So.2d 377, 879(¶ 10) (Miss.Ct.App.2004). “Summary judgment shall be granted ‘if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. (quoting M.R.C.P. 56(c)). In making this determination, the evidence is viewed in the light most favorable to the party against whom the motion has been made. Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002(¶ 7) (Miss.2001). Further, the moving party bears the burden to demonstrate that no genuine issue of material facts exists. Lake Castle Lot Owners Ass’n, Inc., 868 So.2d at 379(¶ 10).
DISCUSSION
¶ 10. This issue need not detain us long, because it plainly lacks merit. We agree with Union Planters that many of Weatherly’s arguments are completely unintelligible, especially those related to alleged problems with the “fractional reserve” banking system. Moreover, and perhaps more importantly, Weatherly’s lengthy and highly extraneous arguments about fractional reserve banking and other largely irrelevant matters ignore the simple facts of this case. Those simple facts are: Weatherly made a legally enforceable promise to pay back a loan he received from Union Planters (a fact which he does not attempt to deny), and he broke that promise (another fact which he does not attempt to deny); therefore, he must bear the legal consequences of breaking that promise. Very simply, the record demonstrates that Weatherly gave his word in a legally binding agreement with Union Planters, and then he broke his word. In light of this, we find that any supposed theoretical problems with fractional reserve banking (a concept which we gladly decline to discuss at this juncture) have no relevance whatsoever to this case.
¶ 11. Finally, we note that, in addition to the fundamental error in Weatherly’s argument (namely, that it ignores the true issue in this case), Weatherly failed to ensure that a full and adequate record was transmitted to this Court. In the record before us there are no transcripts from any of the proceedings below, and there are significant other portions of the record missing. Because of this, most, if not all, of Weatherly’s arguments and factual assertions find no support in the record before us. In this regard, our supreme court has held, “We must ‘decide each case by the facts shown in the record, not assertions in the brief....’ The appellant has ‘the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal.’ ” Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293 (¶¶ 3-4) (Miss.2002) (citations omitted). The Randall case goes on to add:
It is the appellant’s duty to see that all matters necessary to his appeal, such as exhibits, witnesses’ testimony, and so forth, are included in the record, and he may not complain of his own failure in that regard. The Supreme Court may only act on the record presented to it. Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). There are adequate procedures and safeguards to assure that incorrect or incomplete records are remedied. The appellant has failed to place the necessary record pertaining to this assignment of error before us, and we are therefore unable to consider it.
Id. at 1293-94(¶4) (quoting Branch v. State, 347 So.2d 957, 958-59 (Miss.1977)).
¶ 12. Thus, in addition to the fact that Weatherly’s arguments are plainly merit- *1225 less (when they are at all intelligible), he has failed to provide an adequate record on appeal; so even if we did find some merit in his arguments in the abstract (which, consequently, we do not), we could not consider them, as they would be unsupported by anything in the record. Id. Based upon the foregoing, we affirm the judgment of the chancery court.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF PRENTISS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.

. Union Planters Bank, N.A. has recently been merged into Regions Bank; therefore, the name of Union Planters Bank, N.A. as of the time of this opinion is handed down is officially “Regions Bank.” Nonetheless, in order to avoid confusion, we will refer to the formerly named Union Planters Bank as “Union Planters” throughout this opinion.