ISHEE, J.,
 

 for the Court:
 

 ¶ 1. George Nevels appeals the judgment of the Leflore County Circuit Court that denied him unemployment benefits for the willful and wanton violation of the employer’s reporting policy for absenteeism. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Nevels worked at Greenwood Municipal Separate School District (Greenwood) in Greenwood, Mississippi, for one year and ten months as a maintenance worker. Greenwood discharged Nevels on May 21, 2008, for failing to follow the call-in procedures and for providing false reasons for absences.
 

 ¶ 3. Greenwood’s policy requires that an employee call in for himself/herself if absent. The policy discharges the employee for reporting a false or inaccurate reason for the absence from work. Greenwood made Nevels aware of its policy when he was hired.
 

 ¶ 4. On May 15, 2008, Nevels was unable to report for work due to him being incarcerated. He had his brother call in to work for him on Friday, May 15, 2008, and on Monday, May 19, 2008. Nevels’s brother did not give the actual reason for the absence request, but he told Greenwood that Nevels was sick and needed a vacation day.
 

 ¶ 5. Greenwood suspended Nevels on May 19, 2008. Two days later, Greenwood discharged Nevels for providing false reasons for his absences. After Nevels’s termination, he filed for unemployment benefits.
 

 ¶ 6. Shortly after Nevels applied for benefits, a claims examiner interviewed both Sam Long, a Greenwood representative, and Nevels. The claims examiner deter
 
 *997
 
 mined that Nevels was disqualified from receiving any unemployment benefits because he had violated Greenwood’s call-in policy regarding absenteeism and,- thus, committed misconduct.
 

 ¶ 7. Nevels appealed the claims examiner’s recommendation. At the hearing on appeal, Greenwood presented two witnesses and also submitted four exhibits into evidence. After the hearing, the administrative law judge (ALJ) found that Greenwood’s absenteeism policy provided for discharge for falsely or inaccurately reporting work absences. The ALJ found that Greenwood had a right to expect that an employee would follow the employer’s policies if the policies were reasonable and the claimant had been made aware of the policies in advance. The ALJ further found that Nevels willfully failed to abide by the absenteeism policy when he instructed his brother to provide Greenwood with false information regarding his absences. In conclusion, the ALJ held that Nevels had committed disqualifying misconduct by willfully and wantonly failing to abide by known policy and by providing false reasons for his absence.
 

 ¶ 8. Nevels appealed the ALJ’s decision to the Mississippi Department of Employment Security (MDES) Board of Review (Board). The Board adopted the ALJ’s fact finding and conclusion and affirmed the ALJ’s decision. Nevels then appealed to the Circuit Court of Leflore County. On February 5, 2009, without any briefs having been filed by either party, the circuit court affirmed the decision of the Board. From that judgment, Nevels now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 9. The restricted standard of review for administrative appeals is well established. Absent any fraud, this Court and the circuit court are bound by the Board’s findings of fact, assuming there is substantial evidence supporting such.
 
 Miss. Employment Sec. Comm’n v. PDN, Inc.,
 
 586 So.2d 838, 840 (Miss.1991). The conclusions of an administrative agency will remain undisturbed unless the agency’s order is: (1) not supported by the evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) in violation of the complaining party’s statutory or constitutional rights.
 
 Miss. Dep’t of Employment Sec. v. Good Samaritan Pers. Servs.,
 
 996 So.2d 809, 812 (¶ 6) (Miss.Ct.App.2008) (citing
 
 Miss. Comm’n on Envil. Quality v. Chickasaw County Bd. of Supervisors,
 
 621 So.2d 1211, 1215 (Miss.1993)). On appeal; “[a] rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise.”
 
 Id.
 
 (quoting
 
 Sprouse v. Miss. Employment Sec. Comm’n,
 
 639 So.2d 901, 902 (Miss.1994)).
 

 DISCUSSION
 

 ¶ 10. The issue on appeal is whether there is substantial evidence to support MDES’s decision that Nevels was fired for misconduct and, thus, disqualified from receiving unemployment benefits. It is important to note that Nevels has failed to cite to any sort of legal authority. Arguments advanced on appeal shall “contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” M.R.A.P. 28(a)(6). “Failure to comply with [Mississippi Rule of Appellate Procedure] 28(a)(6) renders an argument procedurally barred.”
 
 Birrages v. Ill. Cent. R.R.,
 
 950 So.2d 188, 194 (¶ 14) (Miss.Ct.App.2006).
 

 ¶ 11. Notwithstanding the procedural bar, this issue is without merit. The Mississippi Supreme Court has defined
 
 *998
 
 misconduct as, “conduct evidencing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employees.”
 
 Wheeler v. Arriola,
 
 408 So.2d 1381, 1383 (Miss.1982). Further, behavior that is careless and negligent to such degree, or recurrence thereof, as to manifest culpability, wrongful intent, or evil design, can be classified as misconduct.
 
 Id.
 

 ¶ 12. Nevels’s behavior, although not extreme, can be classified as misconduct. It is undeniable that, once Nevels instructed his brother to lie about his request to be absent from work, Nevels was engaging in conduct that deliberately violated Greenwood’s absenteeism policy. By lying to his supervisor, Nevels was terminated as an employee due to his misconduct.
 

 ¶ 13. The Board’s decision is supported by substantial evidence. The judgment of the circuit court, which affirmed the Board’s decision to deny unemployment benefits, is affirmed.
 

 ¶ 14. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT IS AFFIRMED.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.