ROBERTS, J.,
for the Court:
¶ 1. Jerry Hunter was discharged from his employment with McClellan’s Security Service (McClellan’s) on October 10, 2011. He applied for and received unemployment benefits until McClellan’s appealed the Mississippi Department of Employment Security’s (MDES) decision granting Hunter these benefits. On appeal, an administrative law judge (ALJ) found that Hunter was not eligible for unemployment benefits. Hunter appealed the ALJ’s decision to the MDES Board of Review and then to the Bolivar County Circuit Court. The Board of Review adopted the ALJ’s findings, and the circuit court affirmed the Board of Review’s decision. Based on this finding, Hunter perfected the current appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. Hunter was a security-system salesman for McClellan’s from June 15, 2010 *437 until October 10, 2011. According to McClellan’s, Hunter was terminated for his refusal to retake the State’s mandatory licensing exam after he failed a previous exam. Hunter continued improperly completing paperwork and sales contracts after being warned to correct his errors.
¶ 3. Hunter filed for unemployment benefits, and a claims examiner with the MDES determined that Hunter was eligible to receive benefits. McClellan’s experience-rating record would also be charged for the benefits paid to Hunter. On December 14, 2011, McClellan’s appealed the claims examiner’s determination, and a telephonic hearing before an ALJ was held on January 10, 2012. At the hearing, Hunter testified as well as Jimmy McClellan (Jimmy), the owner of McClellan’s, and Kevin Nolette, the sales manager at McClellan’s. Jimmy testified that after failing the required licensing exam, Hunter did not reapply to take the exam at his own expense and quit coming to work. Nolette testified that not only did Hunter fail the initial exam and not make any effort to retake the exam, but Hunter also repeatedly filled out and submitted paperwork without getting the customers’ signatures. Further, on more than one occasion, Hunter used phony credit-card numbers when the customers later claimed they did not even have a credit card. Hunter testified that no one at McClellan’s informed him that he needed to retake the test until after he was terminated. He also stated that Nolette fired him because Hunter told Jimmy that Nolette sent a technician to install an alarm system at one of Hunter’s customer’s homes without having the proper paperwork. Additionally, Hunter testified that he did not know that the credit-card numbers were phony because the customer filled out that portion of the form.
¶ 4. After hearing the testimony and evidence, the ALJ reversed the claims examiner’s decision to award Hunter unemployment benefits. He determined that Hunter was disqualified from receiving unemployment benefits due to misconduct connected with work. Hunter then appealed this decision to the Board of Review on January 12, 2012. The Board of Review adopted the ALJ’s findings and affirmed the ALJ’s decision. Hunter timely appealed the Board of Review’s decision to the Bolivar County Circuit Court. On March 27, 2012, the circuit court entered its order affirming the Board of Review’s decision.
¶ 5. Hunter now appeals and argues that the ALJ’s decision was “based on [the] fabricated testimony” of Nolette and that the ALJ’s decision was not based on any other evidence, proof, or testimony.
ANALYSIS
¶ 6. When reviewing the circuit court’s judgment to affirm or deny the Board of Review’s decision, this Court employs the abuse-of-discretion standard. Miss. Dep’t of Emp’t Sec. v. Clark, 13 So.3d 866, 870 (¶ 8) (Miss.Ct.App.2009) (citing Howell v. Miss. Emp’t Sec. Comm’n, 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004)). Judicial review of the Board of Review’s decisions is confined to questions of law. Miss. Emp’t Sec. Comm’n v. Blasingame, 237 Miss. 744, 747, 116 So.2d 213, 214 (1959). Findings of fact by the Board of Review are conclusive if they are supported by substantial evidence and are without fraud. Hoerner Boxes, Ine. v. Miss. Emp’t Sec. Comm’n, 693 So.2d 1343, 1347 (Miss.1997) (citations omitted). Ultimately, the scope of review of this Court and the circuit court is limited to the findings of the Board of Review, and, as stated above, its findings of fact are conclusive if supported by substantial evidence and ab *438 sent fraud. Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss.1987).
¶ 7. In his brief, Hunter’s primary assertion is that the ALJ’s decision was based on Jimmy’s and Nolette’s untruthful and distorted testimonies. Hunter additionally claims that Nolette’s testimony should not have been considered, as he was not listed as an official witness at the hearing.
¶ 8. In his findings of fact and conclusions, the ALJ stated:
While [Hunter] maintains that he was not asked to retake the license exam[,] ... the testimony of the employer that [Hunter] was requested to take this exam[,] and he refused to take the exam[,] is considered the more credible testimony. This refusal accompanied by his entering inaccurate credit card numbers on applications and not getting client signatures on sales contracts is considered conduct not in the best interests of the employer constituting misconduct.
The Mississippi Supreme Court has defined “misconduct” in unemployment-benefits cases to mean “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982). This Court has held that “[b]ehavior that is careless and negligent to such degree, or recurrence thereof, as to manifest culpability, wrongful intent, or evil design[,] can be classified as misconduct.” Nevels v. Miss. Dep’t of Emp’t Sec., 39 So.3d 995, 998 (¶ 11) (Miss.Ct.App.2010) (citing Wheeler, 408 So.2d at 1383). We have also held that “an employee would be disqualified from receiving unemployment benefits where the employee violated an employer’s policy or otherwise failed to meet a required condition of employment.” Clark, 13 So.3d at 871 (¶ 11) (quoting Halbert v. City of Columbus, 722 So.2d 522, 526-27 (¶ 19) (Miss.1998)). Lastly, where “[c]onflicting testimony presents a fact question for the Board [of Review], ... our standard of review does not permit this Court to second guess how the Board [of Review] resolves conflicting testimony.” Quinn v. Miss. Dep’t of Emp’t Sec., 56 So.3d 1281, 1283 (¶ 9) (Miss.Ct.App.2011).
¶ 9. A review of the evidence in the record indicates that there is substantial evidence to support the decision that Hunter committed misconduct and is not entitled to receive unemployment benefits. There is no dispute that Hunter was aware that he was required to retake the licensing exam to maintain his employment with McClellan’s. Hunter claims he was not told when he needed to retake it and that McClellan’s had rescheduled his training several times. However, Jimmy and No-lette both testified that Hunter may not have explicitly stated he was not going to retake the test, but he made no effort to retake the test within the mandatory one-year period with the knowledge that doing so was required to continue his employment. There was also testimony that Hunter repeatedly incorrectly filled out his contracts and paperwork even after he was corrected. Incorrectly completed paperwork could have potentially cost McClellan’s close to $1,000 for lost equipment and services. Jimmy testified that most of the issue McClellan’s has with Hunter “is [that] he does [not] follow our guidelines that we put down.”
¶ 10. The Board of Review was presented with conflicting testimony, requiring it to determine which testimony was more credible. Ultimately, it found that Jimmy’s and Nolette’s testimonies were more credible. Based on this decision, the Board of Review further found that Hunter had committed misconduct sufficient to *439 warrant a reversal of the award of unemployment benefits. Keeping in mind our standard of review, we find that the circuit court did not abuse its discretion in affirming the Board of Review’s decision, since the decision that Hunter committed misconduct was supported by substantial evidence, and there is no evidence of fraud.
¶ 11. Therefore, Hunter’s claims are without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.