# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CC-00515-COA

JAMES HEMPHILL                                                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                         APPELLEES
EMPLOYMENT SECURITY AND DELTA
DISTRIBUTING COMPANY OF GREENWOOD

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2014 |
| TRIAL JUDGE: | HON. MARGARET CAREY-MCCRAY |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES HEMPHILL (PRO SE) |
| ATTORNEYS FOR APPELLEES: | ALBERT B. WHITE |
| | LEANNE FRANKLIN BRADY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED DENIAL OF BENEFITS |
| DISPOSITION: | AFFIRMED - 12/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.    James Hemphill's employer discharged him for having three consecutive absences without giving notice in violation of the employer's work policy. Hemphill sought unemployment benefits, claiming he did give notice. But the Mississippi Department of Employment Security (MDES) Board of Review found the employer's testimony more credible, and based on its finding that Hemphill's failure to give notice was misconduct, it denied benefits. Because it was within the Board's authority to make this credibility determination, we affirm.

**Facts and Procedural History**

¶2.     Hemphill was employed by Delta Distributing Company of Greenwood as a loader from August 18, 2010, to May 8, 2013.  Delta's attendance policy required employees to be discharged if they fail to show up or call into work for three consecutive days.  All employees are informed of this policy when hired.

¶3.     Hemphill was incarcerated from May 3 to May 9.  Because Hemphill had three consecutive absences without notification, Delta discharged him on May 8, 2013.

¶4.     Hemphill then filed for unemployment benefits.  A claims examiner interviewed Hemphill and James Hargrove, the owner and vice president of Delta.  The claims examiner determined Hemphill was disqualified from receiving benefits because he was discharged for misconduct connected with work.

¶5.     Hemphill appealed to the administrative law judge (ALJ), who held a telephonic hearing.  Both Hemphill and Hargrove testified. Hemphill claimed he did contact his employer while he was jailed.  But Hargrove testified that Hemphill did not contact Delta until after he was released from jail and his position had already been filled.  The ALJ found Hargrove's testimony more credible and determined Hemphill failed to contact Delta while in jail.  The ALJ also believed Hargrove's testimony that Delta's three-day no call/no show policy was designed to protect the company's efficiency interests and that the policy had been consistency enforced with other employees in the past.  Thus, the ALJ determined Hemphill was discharged for misconduct.

¶6.     Hemphill appealed to the Board of Review, which adopted the ALJ's findings of fact

2

and opinion and affirmed the denial of benefits. Hemphill then appealed to the circuit court, which also affirmed. Hemphill now appeals to this court.

**Discussion**

¶7. In reviewing a decision of the MDES, "the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Miss. Code Ann. § 71-5-531 (Rev. 2011). "[W]here there is substantial evidence, this Court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review." *Broome v. MESC*, 921 So. 2d 334, 337 (¶12) (Miss. 2006) (quoting *Richardson v. MESC*, 593 So. 2d 31, 34 (Miss. 1992)). "The [B]oard's findings of fact are conclusive if supported by substantial evidence and without fraud." *Id*. So we will not "reweigh the facts of the case or insert [our] judgment for that of the agency." *Id*.

¶8. Hemphill claims he was wrongly denied benefits, although he does not specify why or cite any authority.[1] An individual shall be qualified from receiving benefits if he is "discharged for misconduct connected with work[.]" Miss. Code Ann. § 71-5-513(A)(1)(b) (Supp. 2014). The employer bears the burden to prove misconduct. Miss. Code Ann. § 71-5-513(A)(1)(c). Misconduct is "conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior

---

[1] We note that Hemphill's failure to cite authority operates as a procedural bar, and this court is under no obligation to consider the merits. *Bishop v. MDES*, 145 So. 3d 1254, 1255 (¶4) (Miss. Ct. App. 2014).

which the employer has the right to expect from his employee." *Broome*, 921 So. 2d at 338 (¶14) (quoting *Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982)). Misconduct is also "carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer[.]" *Id.* "[M]isconduct imports conduct that reasonable and fair minded external observers would consider a wanton disregard of the employer's legitimate interests." *Id.* (quoting *MESC v. Phillips*, 562 So. 2d 115, 118 (Miss. 1990)).

¶9.     The Mississippi Supreme Court has held that an employee's failure to notify his employer of the reason for his absences "can constitute misconduct[] if there is a policy that requires such notice." *Barnett v. MESC*, 583 So. 2d 193, 196 (Miss. 1991). And an employee can be "disqualified from receiving unemployment benefits where the employee violated an employer's policy or otherwise failed to meet a required condition of employment." *Hunter v. MDES*, 120 So. 3d 435, 438 (¶8) (Miss. Ct. App. 2013).

¶10.    Delta had a policy that required its employees to give notice if they were going to miss work. If an employee fails to call in or show up for three consecutive days, Delta's policy mandates termination. Ultimately, the Board of Review, adopting the ALJ's findings of fact, believed Hargrove's testimony about Hemphill's failure to give notice. And it was the Board of Review's job to make such credibility calls. *See id.* at (¶10) (where the Board of Review is presented with conflicting testimony, it must determine which testimony is more credible). After review, we find substantial evidence supports  the Board of Review's determination

4

that Hemphill committed misconduct by violating Delta's three-day no call/no show policy.

We thus affirm.

¶11.  **THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT IS AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**