# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CC-01843-COA

**TAMMY SEAGO**                                                    **APPELLANT**

v.

**MISSISSIPPI DEPARTMENT OF**                                      **APPELLEES**
**EMPLOYMENT SECURITY AND THREE S.**
**ENTERPRISES, INC.**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2013 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TAMMY SEAGO (PRO SE) |
| ATTORNEYS FOR APPELLEES: | ALBERT B. WHITE |
| | LEANNE FRANKLIN BRADY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED UNEMPLOYMENT BENEFITS |
| DISPOSITION: | AFFIRMED – 03/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     The sawmill where Tammy Seago worked discharged her for insubordination. The cited defiance was her refusal to sweep her work area, a violation of the employer's work policy. Tammy sought unemployment benefits, claiming she did not have a broom and did not refuse to sweep. But the Mississippi Department of Employment Security (MDES) Board of Review found the employer's testimony more credible than hers. Based on its finding that Tammy's refusal to clean was misconduct, the Board denied benefits. Because credibility determinations are within the Board's authority and substantial evidence

supported its decision, we affirm.

**Facts and Procedural History**

¶2.     Tammy was employed by Three S. Enterprises, Inc. ("Three S., Inc."), as a sawmill sorter for several[1] years until her termination on March 14, 2013. The claims examiner over her unemployment-benefits claim found she was disqualified from receiving benefits because she was discharged for misconduct.

¶3.     Tammy appealed to the administrative law judge (ALJ), who held a telephonic hearing. Both Tammy and Three S., Inc.'s president, D.G. Seago—who is Tammy's uncle—testified during the hearing. Tammy claimed she did not refuse to sweep her work area. As Tammy put it, she did not have a suitable broom. Though she claimed all available brooms had broken handles, D.G. testified there was a suitable broom within ten feet of Tammy when she was told to sweep her area. But she just simply refused to sweep her workplace, so he terminated her.

¶4.     D.G. also testified Tammy had refused to clean her work area three days earlier and she had been insubordinate in the past. According to D.G., the company manual—which is posted in the room where all employees clock in and out daily—emphasizes that an employee's refusal to perform an assigned work task can result in discharge. The ALJ found D.G.'s testimony more credible than Tammy's. The ALJ also determined Tammy was discharged for insubordination—misconduct sufficient to deny unemployment benefits.

---

[1] Tammy's employer testified Tammy had been employed at Three S., Inc., for eight years. Tammy testified she had worked there for ten years.

¶5.    Tammy appealed to the Board of Review.  The Board adopted the ALJ's findings of fact and opinion and affirmed the denial of benefits.  Tammy then appealed to the circuit court, which also affirmed.  Tammy now appeals to this court.

**Discussion**

¶6.    In reviewing the decision of the MDES, the Board's findings of facts shall be conclusive if, absent fraud, they are supported by the evidence, and the jurisdiction of the court shall be confined to questions of law.  Miss. Code Ann. § 71-5-531 (Rev. 2011).  "[W]here there is substantial evidence, this Court has no authority to reverse the circuit court's affirmance" of the Board's decision.  *Broome v. MESC*, 921 So. 2d 334, 337 (¶12) (Miss. 2006) (quoting *Richardson v. MESC*, 593 So. 2d 31, 34 (Miss. 1992)).  Since the Board's factual findings are conclusive if supported by substantial evidence and are without fraud, we will not "reweigh the facts of the case or insert [our] judgment for that of the agency." *Id*.

¶7.    Tammy claims she was wrongly denied benefits, but she neither spells out why nor cites any supporting authority.[2]  But Mississippi's statutory law is clear—claimants shall be disqualified from receiving benefits if they are "discharged for misconduct connected with work[.]"  Miss. Code Ann. § 71-5-513(A)(1)(b) (Supp. 2014).  In misconduct cases, the employer bears the burden of proof.  Miss. Code Ann. § 71-5-513(A)(1)(c).  Misconduct is

---

[2]    Since Tammy failed to cite any authority, this court is under no obligation to consider the merits of her argument. *Bishop v. MDES*, 145 So. 3d 1254, 1255 (¶4) (Miss. Ct. App. 2014).

"conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee." *Broome*, 921 So. 2d at 338 (¶14) (quoting *Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982)). Misconduct is also "carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability." *Id.* This includes actions evidencing "wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer[.]" *Id.*

¶8. Tammy was terminated for insubordination for refusing to sweep her work area when her boss ordered her to do so. Her boss recalled a similar refusal at the sawmill three days before she was terminated. According to the company's policy manual, insubordination is grounds for termination. We find it was the Board's prerogative to believe D.G.'s testimony over Tammy's in finding the company proved misconduct. *See Hunter v. MDES*, 120 So. 3d 435, 438 (¶10) (Miss. Ct. App. 2013) (noting that the Board resolves conflicting testimony). Because substantial evidence supports the Board's denial of benefits based on Tammy's insubordination, we affirm.

¶9. **THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

4