JAMES, J.,
dissenting:
¶ 14. I respectfully dissent from the majority’s opinion affirming the denial of Haulcy’s unemployment claim by the Board of Review. According to the employer, Haulcy was terminated for “poor guest service.” However, during the ALJ hearing, the guests who made the complaint did not testify. The witnesses who did testify, other than Haulcy, were not present during the incident from which the complaint arose.
¶ 15. The employer bears the burden of proving misconduct of the employee. Seago v. Miss. Dep’t of Emp’t Sec., 158 So.3d 392, 394 (¶ 7.) (Miss.Ct.App.2015). We have previously stated:
The Mississippi Supreme Court has defined “misconduct” in unemployment benefits eases to mean “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.”
Hunter v. Miss. Dep’t of Emp’t Sec., 120 So.3d 435, 438 (¶ 8) (Miss.Ct.App.2013) (quoting Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982)).
¶ 16. Beyond the uncorroborated statements by the aggrieved guests, Fitzgerald’s Casino presented witnesses Christopher Odie and Edward Pestian to testify as to their investigation. Odie took the statements from the guests and interviewed the dealer that relieved Haulcy. Neither Odie nor the replacement dealer questioned had personal knowledge of the incident that was the subject of the original complaint. The only witness there was Haulcy.
¶ 17. Further, Haulcy was employed by Fitzgerald’s Casino for over four years. Haulcy was an experienced dealer. While it is true that Fitzgerald’s Casino provided evidence that Haulcy was aware of the no-tolerance policy for “poor guest service,” there was no evidence to support the contention that Haulcy exhibited any “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of [the] standards of behavior which the employer has the right to expect from his employee.” Id. at (¶ 7).
¶ 18. The supreme court has held that “[t]he 'denial of unemployment benefits will be disturbed on appeal only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights.” Johnson v. Miss. Emp’t Sec. Comm’n, 761 So.2d 861, 863 (¶ 6) (Miss.2000). Here, Fitzgerald’s Casino failed to' provide sufficient evidence of Haulcy’s allegedly willful misconduct. Therefore, I would reverse and render.
IRVING, P.J., JOINS THIS OPINION.