## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CC-00794-COA

**RICO MITCHELL**                                                        **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                              **APPELLEE**
**EMPLOYMENT SECURITY**

DATE OF JUDGMENT:              07/09/2021
TRIAL JUDGE:                         HON. KATHY KING JACKSON
COURT FROM WHICH APPEALED:   JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     RICO MITCHELL (PRO SE)
ATTORNEY FOR APPELLEE:       ALBERT B. WHITE
NATURE OF THE CASE:           CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                  AFFIRMED - 05/31/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     A man voluntarily quit his job after a disagreement with his supervisor. He then filed for unemployment benefits. After his request was denied, he appealed. He argues the denial was improper. Finding no error, we affirm.

## FACTS

¶2.     Rico Mitchell was an employee of Geopave LLC, a company specializing in soil stabilization and asphalt paving. One morning, Mr. Mitchell's supervisor informed him of a new work assignment. A team was to drive an asphalt truck from the Geopave office in Gulfport to a worksite in St. James, Louisiana. Upon arrival, they were to leave the truck and

drive one van back to Gulfport. Then they would ride back and forth in this van for the remainder of the project.

¶3.     Mr. Mitchell stated that he had "breathing problems" and objected to riding in a van with five other masked employees for the long trip to Louisiana.[1] The supervisor suggested that he could ride back in the van for the first day and then drive "his" personal vehicle the next day. The supervisor also suggested that the company could pay for Mitchell's gas costs.

¶4.     Mr. Mitchell rejected his supervisor's compromise. He then started to leave the meeting room. Mr. Mitchell's supervisor asked him to stay and work something out. Nevertheless, Mr. Mitchell continued to walk out and left work for the day.

¶5.     Mr. Mitchell did not report for work the next day. Shortly thereafter, his employment was terminated, and he was removed from the company's payroll.

## COURSE OF PROCEEDINGS

¶6.     After learning of his termination, Mr. Mitchell filed for unemployment benefits. The Mississippi Department of Employment Security determined that Mr. Mitchell did not show good cause for voluntarily leaving his employment. As a result, he was not eligible for unemployment benefits.

¶7.     Mr. Mitchell appealed this denial and received a telephonic hearing before an Administrative Law Judge. The purpose of the hearing was to determine whether Mr.

---

[1] In his briefing, Mr. Mitchell asserts that his concerns related to having to "ride in a vehicle with five individuals wearing a mask for 2.5 hours during the Covid-19 pandemic."

2

Mitchell was "able [and] available for work" as required by Mississippi Code Annotated section 71-5-511(c) (Supp. 2019). Furthermore, under Mississippi Department of Employment Security Regulation 305.02, Mr. Mitchell needed to show that he "contact[ed] at least three employers about jobs and submitted an application to at least one of the employers" during the week of January 17 through January 23, 2021, to be eligible for benefits.

¶8. Shortly after the hearing began, the ALJ told Mr. Mitchell, "[T]he time period in question for this hearing is January the 17th through January the 23rd of 2021." Then she asked, "Did you actively look for work during that week?" Mr. Mitchell responded, "I looked for work but I didn't know that I was under some requirement to do so . . . . No one notified me of such."

¶9. Throughout the hearing, Mr. Mitchell repeatedly expressed confusion about the requirements to receive unemployment benefits—including the work-search requirement. But by the end of the hearing, he clarified that he did understand the work-search requirement and was now attempting to document his searches.

¶10. Nonetheless, based on this exchange, the ALJ determined Mitchell was disqualified from receiving benefits for the week at issue since he left work without good cause and had not complied with the statutory work-search requirement.

¶11. Mr. Mitchell then appealed to the Board of Review. The Board of Review accepted the ALJ's findings of fact and opinion and affirmed the decision denying Mitchell benefits.

3

¶12.     After exhausting his administrative options, Mr. Mitchell appealed to the Circuit Court of Jackson County.  The circuit court determined he voluntarily left his employment at Geopave following the disagreement with his supervisor.  The circuit court also determined he chose to file for unemployment benefits instead of pursuing other work as the statute required.  Accordingly, the court held that Mr. Mitchell failed to show good cause for leaving his employment and was disqualified from receiving employment benefits.

¶13.     Mr. Mitchell appealed the decision, and his case is now before this Court.  While he raises nine issues on appeal, the relevant issue before this Court is whether the circuit court's order, which affirmed the decision from the administrative hearings, was supported by substantial evidence.  Finding that it was, we affirm.

## STANDARD OF REVIEW

¶14.     "Our review of an administrative appeal is well established."  *EMC Enter. Inc. v. Miss. Dep't of Emp. Sec.*, 11 So. 3d 146, 150 (¶9) (Miss. Ct. App. 2009).  "In reviewing a decision of the Mississippi Department of Employment Security (MDES), the findings as to the facts of the Board of Review are conclusive if supported by substantial evidence and absent fraud."  *Hereford v. Miss. Dep't of Emp. Sec.*, 306 So. 3d 863, 865 (¶13) (Miss. Ct. App. 2020) (internal quotation marks omitted).  "Therefore, the denial of unemployment benefits will be disturbed on appeal only if the agency's decision (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope of power granted to the agency, or (4) violates the claimant's constitutional rights."  *Id.* at 865-66 (¶13)

4

(internal quotation marks omitted).

## DISCUSSION

¶15.    As noted above, Mr. Mitchell raises nine issues in his brief. The core issue is whether the circuit court had substantial evidence to affirm the decision that Mr. Mitchell was not "able and available for work."[2]

### I.    Substantial evidence existed to determine that the work-search requirement was not satisfied.

¶16.    We must uphold the decision of the administrative agency as long as it is "supported by substantial evidence and absent fraud." *Hereford*, 306 So. 3d at 865 (¶13). "Substantial evidence is that which is relevant and capable of supporting a reasonable conclusion, or is more than [a] scintilla of evidence." *Dailey v. Miss. Dep't of Emp. Sec.*, 271 So. 3d 715, 719 (¶14) (Miss. Ct. App. 2018). Accordingly, we must determine if there is substantial evidence to support the finding that Mr. Mitchell failed to follow the statutory requirements for a work search.

¶17.    During the telephonic hearing, Mr. Mitchell and the ALJ engaged in an exchange over whether he satisfied the requirements:

ALJ:    Okay. The time period in question for this hearing is January the 17th through January 23rd of 2021. Did you actively look for work during that week?

M:    Uh, I looked for work but didn't know that I was under some

---

[2] Mr. Mitchell has a separate appeal focused on the ultimate denial of his unemployment benefits, which is docketed as 2021-CC-00795-COA.

5

requirement to do so. I, I was looking for work based on my, just I needed a job. I didn't know because I hadn't, I hadn't been accepted into unemployment and I was still dealing with so many processes to even be verified. So, I didn't know that I was under a certain requirement. No one notified me of such.

As the hearing continued, the parties stated:

ALJ:   . . . So, at the time, you were not but you understand now that you need to look for work every week.

M:     Yes.

ALJ:   Okay.

M:     Yes ma'am. And I've met that requirement every week.

¶18.   Based on this exchange, Mr. Mitchell admitted to the ALJ that he did not satisfy the work-search requirements. Therefore, the ALJ concluded that Mr. Mitchell did not satisfy the work-search requirement during the week of January 17 through January 23.

¶19.   In light of this concession, the ALJ had substantial evidence to conclude that Mr. Mitchell was disqualified from receiving benefits—regardless of whether he was aware of the requirements. Because there is substantial evidence to support the decision, the circuit court had substantial evidence to determine that Mr. Mitchell failed to complete the work-search requirements.

## II.     Mr. Mitchell's remaining allegations are without merit.

¶20.   In his briefing, Mr. Mitchell alleges his due process rights were violated at numerous times during the administrative proceedings and that his former employer committed perjury

in preparing evidence for these proceedings.[3]

¶21.    But contrary to the requirements of the Mississippi Rules of Appellate Procedure, Mr. Mitchell fails to support these contentions with "citations to the authorities, statutes, and parts of the record relied on." MRAP 28(a)(7). "Failure to comply with Mississippi Rule of Appellate Procedure 28(a)[(7)] renders an argument procedurally barred." *Nevels v. Miss. Dep't of Emp. Sec.*, 39 So. 3d 995, 997 (¶10) (Miss. Ct. App. 2010). "It is the appellant's duty to see that all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth, are included in the record . . . ." *Weatherly v. Union Planters Bank N.A.*, 914 So. 2d 1222, 1224 (¶11) (Miss. Ct. App. 2005).

¶22.    Mr. Mitchell represents himself pro se in this matter. As set out in footnote two, he has a pending appeal also relating to the denial of unemployment benefits. Mr. Mitchell filed the same brief in that pending matter as in this appeal. The issues raised in the brief in the instant case appear more applicable to the other appeal. Although Mr. Mitchell may not understand the import of filing the same brief in both cases, the Mississippi Supreme Court has "emphasized that '[p]ro se parties should be held to the same rules of procedure and

---

[3] Specifically, he argues that MDES violated his due process rights by denying him access to his former employer's statements until after the hearing. He also argues that the ALJ violated his due process rights by providing a defense for the employer, intervening in his questioning of the company's representative, preventing him from asking questions about COVID-19, and barring him from testifying about issues that arose after January 6, 2021. He further alleges that his former employer committed perjury by never speaking with him, testifying that he could have driven a company truck, misidentifying whom a brief was addressed to, and creating confusion about the reason Mr. Mitchell left his employment.

7

substantive law as represented parties.'" *Robinson v. Burton*, 49 So. 3d 660, 665 (¶17) (Miss. Ct. App. 2010) (quoting *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987)).

¶23. Accordingly, as his arguments regarding due process and perjury are not supported by citations to any authority, we decline to review them. *See Magee v. Miss. Dep't of Emp. Sec.*, 77 So. 3d 1159, 1164-65 (¶15) (Miss. Ct. App. 2012).

## CONCLUSION

¶24. The circuit court had substantial evidence to affirm the ALJ's decision that Mr. Mitchell was disqualified from receiving unemployment benefits. Accordingly, the decision of the circuit court is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**